# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MANUEL REVELES-MARTINEZ,<br><br>Defendant. | Case No. CR14-0073<br><br>ORDER FOR PRETRIAL DETENTION |

On the 29th day of July, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 23, 2014, Defendant Manuel Reveles-Martinez was charged by Indictment (docket number 2) with illegal re-entry into the United States. At the arraignment on July 25, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on September 22, 2014.

Officer Jon Kovach of Immigration and Customs Enforcement ("ICE") testified regarding the circumstances underlying the instant charge. Defendant was removed from the United States on November 8, 2013. On July 2, 2014, Kovach was notified by Des Moines law enforcement authorities that they were looking for Defendant in conjunction with an alleged burglary and attempted kidnaping at the residence of his estranged wife on May 28, 2014. Kovach was told that Defendant may be found in the Cedar Rapids area. According to Kovach, he found Defendant on July 7, and Defendant

was arrested at his place of employment (La Hacienda Restaurant) on July 10. Kovach was told by Defendant's employer that they have I-9 forms for Defendant, but they have not yet been produced.

According to the pretrial services report, Defendant is 32 years old. At the request of Defendant's counsel, Defendant was not asked about his place of birth. Defendant's father lives in Mexico and his mother lives in Texas. Defendant has two sisters who reside in Texas.

Defendant was married to Rachel Park from 2009 to 2010, and married Caitlyn Troendle in June 2013. Defendant and Troendle are currently separated. No children were born to either marriage.

Defendant told the pretrial services officer that he has lived in Cedar Rapids since 2003, although he "relocated" to Mexico in November 2013. According to Defendant, he returned to Cedar Rapids in May 2014. During the month prior to his arrest, Defendant was residing with Susan Hermsen, although her last name was unknown to Defendant. Georgina Brill testified at the hearing that if Defendant is released, he could live with her and her husband.

Defendant told the pretrial services officer that he was employed at Hacienda Las Glorias restaurant in Cedar Rapids from 2003 to May 2013. Defendant also said he had been unemployed since May 2013. Defendant is in good health and has no history of mental or emotional health issues. Defendant denied the use of controlled substances, and said that his alcohol consumption is no longer problematic.

Defendant has five convictions for operating while intoxicated. He was first charged on December 25, 2003. While that charge was pending, he was charged again on January 24, 2004. While those two charges were pending, he was charged a third time on September 15, 2004. On February 18, 2005, Defendant was sentenced on the first two OWIs to ten days in jail. On July 28, 2005, while the third OWI was pending, Defendant

was charged with his fourth OWI. On November 22, 2005, Defendant received two days in jail for his third OWI. On August 18, 2006, Defendant received 30 days in jail for his fourth OWI. On June 20, 2008, while Defendant was on probation for his fourth OWI, he was charged with his fifth OWI. He received two days in jail.

In addition to his drunk driving convictions, Defendant has been convicted of no valid driver's license, theft in the third degree, driving while denied or revoked (twice), driving while barred, disorderly conduct — fighting or violent behavior, driving while license denied, and public intoxication. He was found in contempt of court while on probation for his fourth OWI and received 30 days in jail. On February 6, 2012, Defendant failed to appear for a contempt hearing in Iowa County on the driving while license denied charge, and a warrant was issued. While the warrant was outstanding, and while Defendant was still on probation, Defendant was convicted in Black Hawk County of public intoxication.

Defendant failed to appear again in Iowa County on July 29, 2013. According to Officer Kovach, however, Defendant was in ICE custody at that time, awaiting removal from the United States. A warrant was issued in Iowa County, which remains active. There is also an active ICE detainer on Defendant.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

3

The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and

4

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with illegal re-entry into the United States. Because Defendant is a serious risk of flight, the Court finds that detention is authorized pursuant to § 3142(f)(2)(A).

Defendant was only recently removed from the United States. He has no family in the area, no job, and no stable residence. On two occasions, Defendant failed to appear for court proceedings, although he was in ICE custody on the second occasion. There is a warrant outstanding for his arrest in Iowa County. The evidence against Defendant is strong. If convicted, Defendant faces a likely prison term and removal from the United States. After considering all of the circumstances, the Court concludes Defendant is a risk of flight.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial.

Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 25, 2014) to the filing of this Ruling (July 29, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 29th day of July, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA